IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| THE SUGAR ART, INC. | § § | CIVIL ACTION NO. 16-390 |
| Plaintiff | § § § | |
| v. | § § | |
| CONFECTIONERY ARTS INTERNATIONAL, LLC | § § § § | |
| Defendant | § | |

ORIGINAL COMPLAINT

THE SUGAR ART, INC. ("SUGAR ART") Plaintiff, brings this action against CONFECTIONERY ARTS INTERNATIONAL, LLC ("CAI"), Defendant for declaratory judgment of non-infringement of an alleged trademark.

I. PARTIES

1. SUGAR ART is a Texas corporation, with principle offices in Grandview, Texas.

2. CAI is, on information and belief, a Connecticut Limited Liability Company with principle offices at 332 Washington Ave.; New Britain, CONNECTICUT 06051.

3. On information and belief, CAI's registered agent is Mark Czerczak, with an office located at 37 Farmington Avenue, Suite 1, New Britain, CONNECTICUT 06053.

## II. STATEMENT OF THE CASE

4. This action is for declaratory judgment that:

    (a) SUGAR ART's use of the designation "DISCO DUST" is not in violation of any right held by CAI;

    (b) that any federal trademark or service mark registration for or including "DISCO DUST" (including "CAI") issued to CAI, if any, does not, and will not constitute or reflect rights which encompass, or which are infringed by SUGAR ART's present and future like use of "DISCO DUST" as a trademark, service mark, trade name or product identifier; and

    (c) that any federal trademark or service mark registration issued to CAI for or including "DISCO DUST" (including U.S. Registration No. 4089733) has been issued contrary to law, as the result of fraud on the United States Trademark Office, and should be ordered cancelled.

## III. JURISDICTION AND VENUE

5. This is an action for declaratory judgment arising under (i) the Trademark Laws of the United States, 15 USC § 1051 *et seq.* (the "Trademark Act"); (ii) 15 U.S.C. §1125, *et seq.* (the "Lanham Act"); and (iii) 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act). Thus, this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

6. There is a justifiable controversy between Defendant and Plaintiff, generally concerning the right of SUGAR ART to use "DISCO DUST" as evidenced by a demand letter from "CAI" to SUGAR ART, a true and correct copy of which is attached hereto as **EXHIBIT A**, attached hereto).

7. Venue is proper in this claim pursuant to 28 U.S.C. §1391.  CAI, has alleged trademark infringement on SUGAR ART'S part, based on activities in this District and Division, and otherwise is subject to personal jurisdiction within this State and District.

8.     CAI offers its products (including "DISCO DUST") on its interactive website, including into this District and Division, at http://www.confectioneryarts.com (see **EXHIBIT B**, attached hereto).

9.     In its website (see again **EXHIBIT B**), CAI claims, *inter alia*: "*At Confectionery Arts International, we have a customer base as diverse as our product line. <u>These include restaurant chains, foodservice distributors, foodservice management companies, food manufacturers, private label wholesalers and retailers, healthcare facilities, school systems, correctional facilities, purchasing co-ops, food banks, USDA and many more.</u> Our unique production and distribution system allows us to serve our customers, some requiring several truckloads per week, with an unparallel combination of timeliness, quality, accuracy and cost effective products.*

*If you are looking for a company to manufacture multiple truckloads for a mass feeder, a fine tuned formulation for a selected market or a small run for a single user, contact us and let our dedicated team show you what we can do!*

<u>*All products are packaged to customers' specifications (with or without private labeling) and then shipped when and where they are needed.*</u> *CAI specializes in custom formulation, including packaging, storage, and shipping. We also blend allergenic and nutraceutical products in a climate-controlled, dust-controlled*

*atmosphere*." (emphasis added).

10.    CAI places its products into the stream of commerce, including through sales via the Amazon.com site, including into this District and Division (see **EXHIBIT C**, attached hereto).

11.    In its "cease and desist letter" of September 14, 2016 (**EXHBITI A**), CAI not only demanded cessation of use of "DISCO DUST", but offered to **sell** such products to Sugar Art.

3

## IV.
## FACTS

12. SUGAR ART is in the business of producing and selling confectionery supplies, including declarative coloring materials.

13. One of SUGAR ART's products is known industry-wide "DISCO DUST" – a colored, glitter-like material used for decorating cakes, and the like.

14. For many years, DISCO DUST has been the generic identifier for the products in association with which CAI claims trademark rights.

15. At present, DISCO DUST is a generic identifier for the products in association with which CAI claims trademark rights.

16. On its website, CAI identifies "DISCO DUST" as a category of products, with no indication that it claims that terms as a brand, even if it could rightfully do so (see **EXHIBIT D**, attached hereto).

17. Among numerous examples of the genericness of "DISCO DUST" is the PENTREST search printout showing the use of "DISCO DUST" as nothing more than a commodity identifier – a kind or species of product, not a brand name, and not associated with any particular source or sponsor (see **EXHIBIT E** attached hereto).

18. Despite the genericness of "DISCO DUST", CAI owns a federal trademark registration of DISCO DUST (U.S. Reg. No. 4089733) for "decorative glitter" (in International Class 20). The prosecution history of such registration is attached hereto as **EXHIBIT F**.

19. When CAI applied to register "DISCO DUST", the U.S.P.T.O. rejected the application.

20. As reflected in **EXHIBIT F**, CAI responded to overcome the rejection by claiming that *"The mark has become distinctive of the goods/services through the applicant's substantially exclusive and continuous use in commerce that the U.S. Congress may lawfully regulate for at least the five years immediately before the date of this statement."*

21. CAI's statement that it had used DISCO DUST *"substantially exclusive[ly]"* is patently false, misleading, and constitutes fraud on the U.S.P.T.O.

22.     At least by the time this statement was made, "DISCO DUST" was widely used to identify a product, and had no source connotation, much less exclusively attributed to one source – CAI or otherwise.

23.     As a participant in the industry, and one dealing with this particular product, on information and belief, CAI could not have but known that its statements of "exclusive" use of DISCO DUST were false and, at least on this basis, made such statements with a deliberate intent to deceive the U.S.P.T.O.

24.     Despite the above, CAI has threatened SUGAR ART with infringement action based on an alleged likelihood of confusion relative to SUGAR ART's use of "DISCO DUST" as a product identifier, and even has based its demands, at least in part, on the cited federal trademark registration.

## V. COUNTS

A.     COUNT ONE -- DECLARATION OF SUGAR ART'S RIGHT TO USE "DISCO DUST".

25.     SUGAR ART repeats and incorporates in this Count each of the allegations and averments set forth in the preceding paragraphs.

26.     SUGAR ART's use of "DISCO DUST" is not in violation of any right held or owned by CAI.

27.     "DISCO DUST" is a mere identification of a product, and is thus generic and not subject to any claim of exclusive ownership by any party, including CAI.

28.     Because there exists a justifiable controversy between SUGAR ART and CAI concerning SUGAR ART'S right to continued use of "DISCO DUST" as earlier herein described, SUGAR ART seeks a declaration that SUGAR ART's use of "DISCO DUST" is not in violation of any right held by Defendant.

B.     COUNT TWO -- DECLARATION OF CAI LACK OF RIGHTS IN, OR EXTENDING TO "DISCO DUST".

29.     SUGAR ART repeats and incorporates in this Count each of the allegations and averments set forth in the preceding paragraphs.

30.     CAI claims trademark or service mark rights in "DISCO DUST".

31.     "DISCO DUST" is, in all contexts relevant to this action, a generic term with which no enforceable rights are associated, in CAI or otherwise.

32.     Rights pertaining to DISCO DUST, if any, do not extend to SUGAR ART'S use of "DISCO DUST".

33.     Because there exists a justifiable controversy between SUGAR ART and CAI concerning SUGAR ART's alleged violation of alleged rights held by CAI in "DISCO DUST", and CAI' alleged possession of claim(s) pursuant thereto, SUGAR ART seeks a declaration that CAI possesses no enforceable right in or to "DISCO DUST" or any variation thereof.

C.     COUNT THREE -- DECLARATION OF LACK OF VIOLATION PROHIBITIONS OF THE LANHAM ACT, AND OF CAI'S LACK OF CLAIM(S) THEREUNDER.

34.     SUGAR ART repeats and incorporates in this Count each of the allegations and averments set forth in the preceding paragraphs.

35.     Because "DISCO DUST" is a generic term (or, at most, a descriptive term without secondary meaning) as held by CAI, no third party use of such term or of variations thereof, gives rise to, or can give rise to claims under the Lanham Act.

36.     At the very least, use of "DISCO DUST" by SUGAR ART gives rise to no actionable claim under the Lanham Act.

37.     Because there exists a justifiable controversy between SUGAR ART and CAI concerning SUGAR ART's alleged violation of the Lanham Act, SUGAR ART seeks a declaration that its use of "DISCO DUST" within its trade name, as part of its restaurant logo(s), or otherwise, does not constitute a violation of the Lanham Act.

D.   COUNT FOUR – CANCELLATION OF U.S. REGISTRATION NO 4089733 UNDER 15 U.S.C. §1119

38. SUGAR ART repeats and incorporates in this Count each of the allegations and averments set forth in the preceding paragraphs.

39. Because "DISCO DUST" was, at the time of application for registration in relation to the cited goods, a generic term therefor, it should be ordered cancelled.

40. Because CAI's registration of "DISCO DUST" is of a generic term (or, at most, a descriptive term without secondary meaning), it should be ordered cancelled.

41. Because CAI's registration of "DISCO DUST" was at the time of application for registration and throughout the prosecution a descriptive terms without secondary meaning as associated with the specified goods, it should be ordered cancelled.

42. Because CAI's registration of "DISCO DUST" is, in the alternative to being generic, a descriptive terms without secondary meaning, it should be ordered cancelled.

43. Because CAI's registration of "DISCO DUST" was obtained through fraud of the U.S. Patent & Trademark Office, it should be ordered cancelled.

44. Because there exists a justifiable controversy between SUGAR ART and CAI concerning SUGAR ART's alleged violation of the Lanham Act in relation to U.S. Registration No. 4089733, and for the foregoing reasons (independently and collectively) SUGAR ART seeks cancellation of U.S. Registration No. 4089733.

## VI. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff, SUGAR ART prays that the Defendant, CAI be cited to appear and that the Plaintiff have the following relief:

A.   A declaratory judgment that CAI lacks any trademark or other enforceable right in or to "DISCO DUST", or any variation or colorable imitation thereof;

B.   A declaration that DISCO DUST is generic with respect to the goods in association with which CIA claims rights, or in the alternative that DISCO DUST is descriptive

and devoid of secondary meaning related to CIA and with respect to the goods in association with which CIA claims rights;

  C. A declaratory judgment that SUGAR ART's use of "DISCO DUST" is not in violation of any right held by Defendant;

  D. A declaratory judgment that SUGAR ART's use "DISCO DUST" is not in violation of any provision or prohibition of the Lanham Act.

  E. A declaratory judgment that CAI possesses no actionable claim against SUGAR ART by virtue of SUGAR ART's use of "DISCO DUST";

  F. For an order cancelling U.S. Registration No. 4089733; and

  G. For such other and further relief to which SUGAR ART demonstrates he is entitled, including attorneys' fees, costs, pre-judgment interest, and post-judgment interest as may be available at law or in equity.

Dated: September 27, 2016      Respectfully submitted,

              By: */s/ David G. Henry, Sr.*
              **GRAY REED & MCGRAW, P.C**.
              David G. Henry, Sr.
              State Bar No. 09479355
              dhenry@grayreed.com
              1300 Post Oak Blvd., Suite 2000
              Houston, Texas 77056
              Telephone: (713) 986-7000
              Facsimile: (713) 986-7100

              ATTORNEYS FOR PLAINTIFF,
              THE SUGAR ART, INC.